STATE OF CONNECTICUT *v.* DERRICK TROY SHIPP
(AC 23007)

Dranginis, McLachlan and Hennessy, Js.

428

Argued June 2—officially released September 16, 2003

*Derrick Troy Shipp*, pro se, the appellant (defendant).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attor-

ney, and *Michael A. DeJoseph,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Derrick Troy Shipp, appeals from the judgment of conviction, rendered after a trial to the court, of failure to display a marker or number plate in violation of General Statutes § 14-18 (a),[1] improper use of a license plate or marker in violation of General Statutes § 14-147 (c), operating a vehicle with a suspended license in violation of General Statutes § 14-215,[2] operation of an unregistered motor vehicle in violation of General Statutes § 14-12 (a)[3] and possession of less than four ounces of marijuana in violation of General Statutes § 21a-279 (c).[4] On appeal, the defendant asserts that his conviction is improper

[1] General Statutes § 14-18 provides in relevant part: "(a) (1) Each motor vehicle for which one number plate has been issued shall, while in use or operation upon any public highway, display in a conspicuous place at the rear of such vehicle the number plate. . . .

"(c) Such number plates when displayed upon motor vehicles shall be entirely unobscured and the numerals and letters thereon shall be plainly legible at all times. Such number plates shall be horizontal, and shall be fastened so as not to swing and, during the time when a motor vehicle is required to display lights, the rear number plate shall be so illuminated as to be legible at a distance of fifty feet. . . ."

[2] General Statutes § 14-215 (a) provides in relevant part: "No person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. . . ."

[3] General Statutes § 14-12 (a) provides in relevant part: "No motor vehicle shall be operated or towed on any highway, except as otherwise expressly provided, unless it is registered with the commissioner . . . ."

[4] General Statutes § 21a-279 (c) provides in relevant part: "Any person who possesses or has under his control any quantity of any controlled substance other than a narcotic substance, or a hallucinogenic substance other than marijuana or who possesses or has under his control less than four ounces of a cannabis-type substance, except as authorized in this chapter, for a first offense, may be fined not more than one thousand dollars or be imprisoned not more than one year, or be both fined and imprisoned . . . ."

because the evidence was insufficient to establish guilt beyond a reasonable doubt. We affirm the judgment of the trial court convicting the defendant of the charges against him, but reverse the judgment only to the extent that the fine imposed for improper use of a license plate or marker exceeded the statutory limit for a monetary fine pursuant to § 14-147 (c).[5]

The court reasonably could have found the following facts. On June 7, 2001, at approximately 7:55 p.m., the defendant was operating a blue Buick Regal automobile eastbound on Post Road in Westport. Shawn Kelly, an officer with the Westport police department, was on duty with his partner traveling in a marked patrol car behind the defendant's vehicle. Kelly could not observe a license plate in the rear of the defendant's vehicle and increased the speed of his patrol car to get closer to the defendant's vehicle. When Kelly got closer, he observed a license plate displayed in the defendant's rear window. Kelly ran a computer check on the license plate number and learned that the license plate was registered to a different automobile, a red Audi. Kelly initiated a motor vehicle stop and asked the defendant to produce his operator's license, vehicle registration and insurance information.

The defendant informed Kelly that the registration and the license plate were not registered to the Buick, but to a different vehicle. Kelly ran a computer check on the operator's license and learned that the defendant's license was suspended. The defendant informed Kelly that he did not have a notice of the restoration of his

_____

[5] General Statutes § 14-147 (c) provides: "No person shall use any motor vehicle registration or operator's license other than the one issued to him by the commissioner, except as provided in section 14-18; and no person shall use a motor vehicle registration on any motor vehicle other than that for which such registration has been issued. Any person who violates any provision of this subsection shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both."

license. Kelly removed the defendant from the vehicle, handcuffed him and searched him. Kelly found a small fold of notebook paper containing a green leafy substance believed to be marijuana in the defendant's front breast pocket.[6]

The defendant was charged with failure to display a marker or number plate, improper use of a license plate or marker, operating a vehicle with a suspended license, operation of an unregistered motor vehicle and possession of less than four ounces of marijuana. On February 26, 2002, the court found the defendant guilty of all the charges. On the same day, the court sentenced the defendant to pay the following fines: $90 for failure to display a license plate, $200 for improper use of a license plate or marker, $200 for operating a vehicle with a suspended license, $90 for operation of an unregistered vehicle and $500 for possession of less than four ounces of marijuana for a total fine of $1080. This appeal followed.

The defendant claims that there was insufficient evidence to convict him because the state failed to present evidence that established his guilt beyond a reasonable doubt. "The standard of review we apply to a claim of insufficient evidence is well established. In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence

---

[6] According to the testimony of Mark Anderson, an employee of the department of public safety's controlled substances laboratory, chemical tests performed on the green leafy substance produced a positive result for the presence of delta THC, the main psychoactive ingredient in marijuana. See *State* v. *Padua*, 73 Conn. App. 386, 397, 808 A.2d 361 (2002), cert. granted on other grounds, 262 Conn. 941, 815 A.2d 672 (2003).

established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ashe*, 74 Conn. App. 511, 516, 812 A.2d 194, cert. denied, 262 Conn. 949, 817 A.2d 108 (2003).

The defendant first argues that a conviction for failure to properly display a license plate is inconsistent with improper use of a license plate. Specifically, he contends that the police officer could not have run a computer check on the license plate number if it was not properly displayed. We do not agree.

Kelly testified that he could not see the license plate number until he "was able to catch up to the [defendant's] vehicle and saw a plate in the rear window." It is reasonable to believe that the defendant had the license plate positioned in the rear window of the vehicle in such a manner that it was not "legible at a distance of fifty feet. . . ." General Statutes § 14-18 (c). Upon closer proximity to the defendant's vehicle, Kelly was then able to discern the numbers on the license plate. The defendant did not present any evidence at trial as to where the license plate was displayed, and the evidence that was presented, in the form of Kelly's testimony, certainly can be construed to be sufficient to sustain the defendant's conviction of the charges.

The defendant also argues that his license should not have been suspended on June 7, 2001. At trial, the defendant argued that the underlying charge for which his license was suspended was nolled. Assuming that the defendant is correct and that his license should not have been suspended at that time, he still cannot prevail. The court heard evidence that the defendant was notified by mail on November 11, 2000, that he needed to send the department of motor vehicles a court receipt indicating that the case had been resolved or his license would be suspended on January 10, 2001. The defendant did not so notify the department, and notice of his

suspension was therefore sent to him. Even if he did not think that the suspension was not effective, actual knowledge of a suspension of a license is not required to find a violation of § 14-215, and proof of mailing the suspension notice is sufficient. *State* v. *Swain*, 245 Conn. 442, 462–63, 718 A.2d 1 (1998).

The defendant also argues that the state did not prove that he knew he had marijuana in his possession or that he was aware that the substance found in his shirt pocket was marijuana. He also contends that there was no testimony or evidence to determine how the marijuana came to be in his pocket. The trier of fact may "infer that a defendant who is in fact in physical possession of a substance knows the character of the substance and knows of its presence. This is not, of course, a mandatory inference, but it is a permissive inference, depending upon all the facts and circumstances." *State* v. *Jackson*, 13 Conn. App. 288, 292, 535 A.2d 1327 (1988); see also *State* v. *Paris*, 63 Conn. App. 284, 288–89, 775 A.2d 994, cert. denied, 257 Conn. 909, 782 A.2d 135 (2001). We therefore find that there was sufficient evidence to convict the defendant of possession of marijuana.

Prior to oral argument to this court, the state notified this court that the trial court improperly had sentenced the defendant. The court had ordered the defendant to pay $200 for his conviction of improper use of a license plate or marker. The maximum monetary fine allowed pursuant to § 14-157 (c), however, is $100.[7] The state urges this court to order the trial court on remand to impose the maximum monetary penalty allowed under the statute. There is no way for this court to infer that the trial court intended to impose the maximum monetary penalty, and it is not the function of this court to impose the new sentence. See *State* v. *Cook*, 36 Conn.

[7] See footnote 5.

App. 710, 717–18, 653 A.2d 829 (1995). Pursuant to Practice Book § 43-22,[8] we reverse the judgment only to the extent that the fine imposed for improper use of a license plate or marker exceeded the statutory limit for a monetary fine pursuant to § 14-147 (c).

The judgment is reversed only as to the fine imposed on the conviction of improper use of a license plate or marker and the case is remanded with direction to resentence the defendant on that count. The judgment is affirmed in all other aspects.

In this opinion the other judges concurred.

---

[8] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."