STATE OF CONNECTICUT *v.* TARRANCE LAWRENCE
(SC 17598)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued November 21, 2006—officially released January 30, 2007

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John M. Waddock*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

KATZ, J. The defendant, Tarrance Lawrence, appeals, following our grant of certification,[1] from the judgment of the Appellate Court affirming the judgment of the trial court dismissing his motion to correct an illegal sentence, filed pursuant to Practice Book § 43-22,[2] based on the Appellate Court's determination that the trial court lacked jurisdiction to consider the motion. *State* v. *Lawrence*, 91 Conn. App. 765, 766–67, 882 A.2d 689 (2005). The issue before us is whether § 43-22 is

---

[1] We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Did the Appellate Court properly conclude that the trial court lacked subject matter jurisdiction to consider the defendant's motion to correct an illegal sentence?" *State* v. *Lawrence*, 277 Conn. 901, 891 A.2d 4 (2006).

[2] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

an appropriate procedural vehicle by which to challenge an allegedly improper conviction or whether, as a result of the finality of the defendant's conviction, the trial court is without jurisdiction to entertain his claim. We conclude that the Appellate Court properly determined that, because the defendant's claim did not fall within the purview of § 43-22, the trial court lacked jurisdiction. Accordingly, we affirm the judgment of the Appellate Court.

The Appellate Court opinion sets forth the following undisputed facts. "The defendant was charged with one count each of murder in violation of General Statutes § 53a-54a (a), carrying a pistol without a permit in violation of General Statutes [Rev. to 1995] § 29-35 and tampering with evidence in violation of General Statutes § 53a-155 (a) (1). The murder charge alleged that the defendant caused the death of a person by use of a firearm. At trial, the defendant presented a defense of extreme emotional disturbance with respect to the murder charge. The court instructed the jury regarding that defense with the following instruction as the defendant had requested: 'If you unanimously find that the state has proven each of said elements of the crime of murder beyond a reasonable doubt, and if you also unanimously find that the defendant has proven by the preponderance of the evidence each of the elements of the affirmative defense of extreme emotional disturbance, you shall find the defendant guilty of manslaughter in the first degree with a firearm by reason of extreme emotional disturbance and not guilty of murder.' The jury subsequently found the defendant guilty of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a) as well as guilty on the other two counts with which he had been charged. The court rendered judgment in accordance with the verdict and sentenced the defendant to thirty-five years on the count of manslaughter in the first degree with a firearm,

two years on the count of carrying a pistol without a permit and three years on the count of tampering with evidence. All sentences were to run concurrently, resulting in a total effective sentence of thirty-five years incarceration. The defendant appealed from his conviction on grounds unrelated to his present claim,[3] and [the Appellate Court] affirmed the judgment. *State* v. *Lawrence*, 67 Conn. App. 284, 786 A.2d 1227 (2001), cert. denied, 259 Conn. 919, 791 A.2d 567 (2002).

"The defendant subsequently filed in the trial court a motion to correct an illegal sentence pursuant to Practice Book § 43-22, in which he claimed that his conviction for manslaughter in the first degree with a firearm was improper; he asserted that because the jury had acquitted him of murder on the basis of the affirmative defense of extreme emotional disturbance, the proper conviction should have been of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (2). The maximum sentence for manslaughter in the first degree is twenty years incarceration; see General Statutes § 53a-35a (5); and, therefore, the defendant, in his motion, requested that the court refer the matter to the sentencing judge. The court, after considering the defendant's claims and the relief requested, dismissed the defendant's motion for lack of jurisdiction." *State* v. *Lawrence*, supra, 91 Conn. App. 767–68.

In his appeal to the Appellate Court from the judgment of dismissal, the defendant claimed that he improperly had been convicted of manslaughter in the first degree with a firearm, and that, had he properly been convicted of manslaughter in the first degree, his

---

[3] Although we conclude that § 43-22 was not the proper procedural vehicle for the defendant to assert a claim that he should have been convicted of manslaughter in the first degree, rather than manslaughter in the first degree with a firearm, we note that a direct appeal from the judgment of conviction generally would be the proper vehicle for asserting such claims.

sentence of imprisonment could not have exceeded twenty years. According to the defendant, because he was sentenced to thirty-five years imprisonment, his sentence exceeded the statutory maximum permitted under the sentencing statute and he properly invoked the jurisdiction of the court, pursuant to § 43-22; see footnote 2 of this opinion; to correct that illegal sentence. Thus, the defendant's claim in essence challenged the propriety of the underlying conviction.

The question the Appellate Court resolved, therefore, was whether "§ 43-22 is an appropriate procedural vehicle by which to challenge an allegedly improper conviction or whether the finality of the defendant's conviction, subject to any collateral challenges the defendant may raise via a petition for a writ of habeas corpus, has left the court without jurisdiction to entertain his claim." *State* v. *Lawrence*, supra, 91 Conn. App. 769.

The Appellate Court determined that the trial court properly had concluded that it did not have jurisdiction pursuant to § 43-22 and, accordingly, affirmed the trial court's judgment dismissing the defendant's motion to correct an illegal sentence.[4] Id., 776. This certified appeal followed.

The defendant claims before this court that, because his conviction is illegal, his sentence is necessarily ille-

---

[4] Initially, the defendant's appeal was heard by a three judge panel of the Appellate Court, which, in a split decision, reversed the trial court's judgment of dismissal, concluding that the trial court had jurisdiction to consider the defendant's claim, but that, as a matter of law, the sentence was not illegal. *State* v. *Lawrence*, 86 Conn. App. 784, 786, 863 A.2d 235 (2005). The panel therefore remanded the case to the trial court with direction to render judgment denying, rather than dismissing, the motion. Id. Thereafter, the Appellate Court granted the parties' motions for reconsideration en banc, and the en banc court subsequently concluded that the trial court's judgment of dismissal had to be affirmed because that court properly had concluded that it lacked jurisdiction. *State* v. *Lawrence*, supra, 91 Conn. App. 766–67 and n.1.

gal and, therefore, his claim falls within the purview of § 43-22. The state responds that, because the defendant is challenging what transpired at trial, his claim does not fall within § 43-22. We agree with the state.

We again rely on the Appellate Court's opinion for its discussion of the well established principles of jurisdiction guiding our resolution of this issue. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 456, 334 A.2d 909 (1973); see *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 73, 540 A.2d 59 (1988) (*Shea, J.*, concurring). Article fifth, § 1 of the Connecticut constitution proclaims that [t]he powers and jurisdiction of the courts shall be defined by law, and General Statutes § 51-164s provides that [t]he superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . . . *State* v. *Carey*, 222 Conn. 299, 305, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994). The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994).

"It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence. . . . Id., 431–32. There are a limited number of circumstances in which

the legislature has conferred on the trial courts continuing jurisdiction to act on their judgments after the commencement of sentence . . . . See, e.g., General Statutes §§ 53a-29 through 53a-34 (permitting trial court to modify terms of probation after sentence is imposed); General Statutes § 52-270 (granting jurisdiction to trial court to hear petition for a new trial after execution of original sentence has commenced); General Statutes § 53a-39 (allowing trial court to modify sentences of less than three years provided hearing is held and good cause shown). . . . *State* v. *Boulier*, 49 Conn. App. 702, 705, 716 A.2d 134 (1998). Without a legislative or constitutional grant of continuing jurisdiction, however, the trial court lacks jurisdiction to modify its judgment. *State* v. *Luzietti*, supra, 230 Conn. 431." (Internal quotation marks omitted.) *State* v. *Lawrence*, supra, 91 Conn. App. 769–71.

The defendant does not dispute that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and that a court may not take action affecting a defendant's sentence unless it expressly has been authorized to act. See *State* v. *Reid*, 277 Conn. 764, 775, 894 A.2d 963 (2006) ("In a criminal case the imposition of sentence is the judgment of the court. . . . When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian of the penal institution. At this point jurisdiction of the court over the prisoner terminates." [Internal quotation marks omitted.]); *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001) ("[t]his court has held that the jurisdiction of the sentencing court terminates once a defendant's sentence has begun, and, therefore, that court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act"). The defendant further acknowledges that there is no legislative or constitutional grant of continuing

jurisdiction to give the trial court power to consider the defendant's claim in the present case. He therefore relies on a common-law exception to this rule, embodied in § 43-22, allowing the trial court to correct an illegal sentence. See *State* v. *Daniels*, 207 Conn. 374, 387, 542 A.2d 306 ("[b]oth the trial court and [the Supreme Court], on appeal, have the power, at any time, to correct a sentence that is illegal"), after remand for articulation, 209 Conn. 225, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989). We reject the defendant's claim.

"Practice Book rules do not ordinarily define subject matter jurisdiction. General Statutes § 51-14 (a) authorizes the judges of the Superior Court to promulgate rules regulating pleading, practice and procedure in judicial proceedings . . . . Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts." (Internal quotation marks omitted.) *State* v. *Carey*, supra, 222 Conn. 307. Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and its execution has begun. See *Kohlfuss* v. *Warden*, 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962). Therefore, for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, the claim must fall into one of the categories of claims that, under the common law, the court has jurisdiction to review. See *State* v. *Luzietti*, supra, 230 Conn. 431 ("In the absence of statutory or constitutional provisions, the limits of [the trial court's] jurisdiction are delineated by the common law. *Cichy* v. *Kostyk*, 143 Conn. 688, 690, 125 A.2d 483 [1956].").

Accordingly, we examine the categories previously recognized under the common law, beginning with *State*

v. *McNellis*, 15 Conn. App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988), wherein an articulation of the meaning of the term "illegal sentence" first appeared.[5] *McNellis* explained, summarizing our jurisprudence on this issue, that "[a]n 'illegal sentence' is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. See 8A J. Moore, Federal Practice [(2d Ed. 1984)] para. 35.03 [2], pp. 35-35 through 35-36." *State* v. *McNellis*, supra, 443–44. In accordance with this summary, Connecticut courts have considered four categories of claims pursuant to § 43-22. The first category has addressed whether the sentence "was within the permissible range for the crimes charged." *State* v. *Davis*, 190 Conn. 327, 335, 461 A.2d 947, cert. denied, 464 U.S. 938, 104 S. Ct. 350, 78 L. Ed. 2d 315 (1983); see *State* v. *Shipp*, 79 Conn. App. 427, 434, 830 A.2d 368 (fine imposed for improper use of license plate or marker exceeded statutory limit for monetary fine pursuant to General Statutes § 14-147 [c]), cert. denied, 267 Conn. 902, 838 A.2d 212 (2003). The second category has considered violations of the prohibition against double jeopardy. See *State* v. *Cator*, 256 Conn. 785, 804, 781 A.2d 285 (2001) (motion to correct proper when defendant is sentenced for murder and felony murder); *State* v. *Mitchell*, 37 Conn. App. 228, 231–33, 655 A.2d 282 (1995) (on direct appeal, sentence illegal when defendant sentenced to multiple punish-

---

[5] *State* v. *McNellis*, supra, 15 Conn. App. 444, also discussed the meaning of sentences imposed in an illegal manner, defining them "as being 'within the relevant statutory limits but . . . imposed in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . .' 8A J. Moore, [Federal Practice (2d Ed. 1984) para. 35.03 [2], pp. 35-36 through 35-37]." The defendant does not rely on the portion of § 43-22 that deals with a sentence that is imposed in an illegal manner.

ments for same offense contrary to General Statutes § 53a-40 [h]). The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. See *State* v. *Banks*, 59 Conn. App. 145, 147–50, 763 A.2d 1046 (2000) (considering motion to correct claiming that General Statutes § 53a-37 did not authorize trial court to impose concurrent sentences for criminal contempt and criminal offense). The fourth category has involved questions as to which sentencing statute was applicable. See *State* v. *Barksdale*, 79 Conn. App. 126, 138, 829 A.2d 911 (2003) (defendant imprisoned for twenty years was "sentenced illegally under [General Statutes] § 53a-71 [a] [1] because at the time he committed the assault [in 1998], the violation of § 53a-71 [a] [1] was a class C felony for which the maximum period of incarceration was ten years").

Although our courts previously have considered on several occasions the merits of a decision on a motion to correct an illegal sentence, the specific issue of whether a particular claim fell within the purview of an illegal sentence, and, accordingly, whether the trial court had jurisdiction to rule on a motion to correct an illegal sentence, has arisen in only a few cases. In *State* v. *Cator*, supra, 256 Conn. 803, after the defendant had been convicted and sentenced for murder and felony murder, upon the state's motion to correct the sentence, the trial court concluded that the original sentence violated the defendant's double jeopardy rights and, accordingly, pursuant to § 43-22, corrected the sentence, merging the convictions and vacating one of the sentences pursuant to *State* v. *Chicano*, 216 Conn. 699, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991). On appeal, the defendant sought review of his double jeopardy claim and contended that the trial court did not have jurisdiction to correct his sentence because he had

begun serving the sentence. *State* v. *Cator*, supra, 803. This court held that "the trial court had jurisdiction to [correct] the sentence pursuant to Practice Book § 43-22, because otherwise the constitutional prohibition against double jeopardy would have been violated."[6] Id., 804–805.

In *State* v. *Mollo*, 63 Conn. App. 487, 488–89, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001), the defendant claimed that the trial court improperly had dismissed for lack of subject matter jurisdiction his motion to correct his sentence, asserting that his sentence was illegal because of a defect in the factual basis of his plea. The Appellate Court rejected the defendant's claim, reasoning that the sentence imposed was valid on its face and did not fall within any of the four categories of claims that the courts have recognized under § 43-22. Id., 491. The court held that it "view[s] the relief allowed by . . . § 43-22 to require, as a precondition, a valid conviction. The purpose of . . . § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition, or one imposed or made in an illegal manner." Id. Accordingly, the Appellate Court concluded that the trial court properly had determined that it lacked jurisdiction over the defendant's motion. Id., 492.

Reading these cases together, it is clear that a challenge to the legality of a sentence focuses not on what transpired during the trial or on the underlying conviction. In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack. In the present case, the defendant's claim,

---

[6] The court in *Cator* did not, however, reach the merits of the defendant's double jeopardy claim because, as a consequence of the trial court's action merging the convictions for murder and felony murder, the defendant's claim had become moot. See *State* v. *Cator*, supra, 256 Conn. 805.

by its very nature, presupposes an invalid conviction. The defendant does not claim, nor could he, that the sentence he received exceeded the maximum statutory limits prescribed for the crime for which he was convicted; rather, he claims that he should have been convicted of a crime that has a lesser maximum statutory limit. He also does not claim that he was denied due process at his sentencing hearing[7] or that his sentence is ambiguous or internally contradictory. See *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 38. If the defendant's claim were to fall into any of those categories, § 43-22 would be the proper vehicle by which he could invoke the trial court's jurisdiction. Because the defendant's claim falls outside that set of narrow circumstances in which the court retains jurisdiction over a defendant once that defendant has been transferred into the custody of the commissioner of correction to begin serving his sentence, the court lacks jurisdiction to consider the claim pursuant to a motion to correct an illegal sentence under § 43-22.

Accordingly, we conclude that the Appellate Court properly decided that the trial court's determinations that the defendant's sentence was not subject to review pursuant to a § 43-22 motion to correct an illegal sentence and that it lacked the jurisdiction to review the defendant's attack on the underlying conviction were correct.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[7] See footnote 5 of this opinion.