******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* EDWIN EDDIE BERRIOS
## (AC 46463)

Clark, Seeley and Prescott, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of the crime of burglary in the first degree as a persistent felony offender, appealed to this court from the judgment of the trial court denying his motions to withdraw his guilty plea, which were filed nearly three months after he had begun serving his sentence. The defendant previously had been charged with several crimes in addition to burglary, including assault in the third degree and criminal mischief in the third degree. A jury found the defendant guilty on the assault count and not guilty on the criminal mischief count but was unable to reach a unanimous verdict on the remaining charges. The trial court declared a mistrial as to those charges, and the state, in a new docket, subsequently charged the defendant with those crimes, including the burglary count, and with being a persistent felony offender. *Held* that the defendant could not prevail on his claim that the trial court improperly denied his motions to withdraw his guilty plea in which he challenged his conviction on double jeopardy grounds, namely, that his prior conviction of assault and acquittal of criminal mischief precluded the state from retrying him on the charge of burglary in the first degree: because the defendant already had begun serving his sentence at the time he filed his motions, the trial court no longer had jurisdiction to decide the motions, which could not be construed as challenging the defendant's sentence, and the defendant did not claim, nor could this court conclude after reviewing the motions, that any legislative or constitutional grant of continuing jurisdiction applied that would have allowed the trial court to retain jurisdiction over the motions; accordingly, although the trial court properly rejected the defendant's postsentencing motions, the form of the court's judgment was improper, as the court should have dismissed, rather than denied, the motions, and the case was remanded to the trial court with direction to render judgment dismissing the motions.

Argued January 29—officially released April 16, 2024

*Procedural History*

Two part information charging the defendant, in the first part, with the crimes of burglary in the first degree, burglary in the second degree and robbery in the third degree, and, in the second part, with being a persistent

felony offender, brought to the Superior Court in the judicial district of Danbury, where the defendant was presented to the court, *Pavia, J.*, on pleas of guilty to burglary in the first degree and being a persistent felony offender; thereafter, the state entered a nolle prosequi as to the charges of burglary in the second degree and robbery in the third degree; judgment in accordance with the pleas; subsequently, the court, *Stango, J.*, denied the defendant's motions to vacate and to dismiss, and the defendant appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed.*

*Edwin Eddie Berrios*, self-represented, the appellant (defendant).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *David R. Applegate*, state's attorney, and *Matthew Knopf*, assistant state's attorney, for the appellee (state).

*Opinion*

SEELEY, J. The self-represented defendant, Edwin Eddie Berrios, who had been convicted following his guilty plea to a charge of burglary in the first degree, appeals from the judgment of the trial court denying certain motions he filed after he was sentenced (post-sentencing motions), in which he challenged his conviction on double jeopardy grounds. The defendant initially had been tried on the charge of burglary in the first degree, but after the jury was unable to reach a unanimous verdict on that charge, among others, the court declared a mistrial. The state subsequently charged him under a new criminal docket number with various crimes, including burglary in the first degree, after which he entered his guilty plea to that charge. On appeal, the defendant challenges the trial court's judgment denying his postsentencing motions and raises a number of arguments in support of his claim that the state was precluded from seeking to prosecute him

again for burglary in the first degree following the mistrial on that count.[1] In response, the state argues, inter alia, that the court lacked jurisdiction to decide the defendant's motions because they were filed after the court had sentenced the defendant.[2] We agree with the state that the court lacked jurisdiction over the defendant's postsentencing motions,[3] and that, therefore, the form of the judgment is improper, as the court should have dismissed rather than denied the motions. We, thus, reverse the judgment denying the defendant's postsentencing motions and remand the case with direction to render judgment dismissing those motions.

The following facts and procedural history are relevant to this appeal. The defendant was arrested in May, 2019, following an incident in which he entered an unlocked apartment in Danbury and attempted to take a small safe. During the incident, the resident[4] of the apartment returned home, confronted and fought the defendant, and eventually overpowered him. At that point, the resident was able to call the police, who arrested the defendant at the scene. He subsequently was charged, under Docket No. 19-0159665-S, with one

[1] See footnotes 8 and 10 of this opinion.

[2] The state also argues, in the alternative, that the defendant waived his double jeopardy claims regarding the charge of burglary in the first degree when he unconditionally pleaded guilty to that charge and that the defendant's claims fail on the merits because there was no double jeopardy violation. Because we conclude that the trial court lacked jurisdiction, we do not reach these alternative arguments.

[3] The state acknowledges in its appellate brief that it failed to raise the issue of jurisdiction before the trial court. The issue of subject matter jurisdiction, however, may be raised by a party at any time, including on appeal. See, e.g., *State* v. *Evans*, 329 Conn. 770, 777 n.11, 189 A.3d 1184 (2018), cert. denied,      U.S.     , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019).

[4] In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

count each of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), robbery in the third degree in violation of General Statutes § 53a-136 (a), assault in the third degree in violation of General Statutes § 53a-61 (a) (1), attempt to commit larceny in the sixth degree in violation of General Statutes §§ 53a-49 and 53a-125b, and criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1).

The jury found the defendant guilty of assault in the third degree and not guilty of criminal mischief in the third degree. The jury was unable to reach a unanimous verdict with respect to the remaining charges, and the court declared a mistrial as to those counts. The state subsequently filed a long form information under a new criminal docket number, Docket No. 19-0159665-A, charging the defendant with burglary in the first degree, burglary in the second degree, and robbery in the third degree. The state also filed a part B information charging the defendant with being a persistent felony offender.

On July 13, 2022, the defendant entered into an agreement with the state and pleaded guilty to the charge of burglary in the first degree as a persistent felony offender. The court canvassed the defendant and found that his plea was "entered knowingly and voluntarily with the assistance of competent counsel." The court accepted the defendant's plea and sentenced him in accordance with the plea agreement. On the charge of burglary in the first degree as a persistent felony offender, the court imposed a sentence of twenty-five years of incarceration, execution suspended after five years, followed by five years of probation.[5] The state

---

[5] In the prior case, under Docket No. 19-0159665-S, the court imposed a consecutive sentence of 364 days of incarceration for the defendant's conviction of assault in the third degree.

entered a nolle prosequi[6] on each of the remaining charges.

Nearly three months after his sentencing, the defendant filed the first of several postsentencing motions that are at issue in this appeal. Specifically, those motions included a motion to vacate for lack of subject matter jurisdiction filed on October 7, 2022; a motion to vacate for lack of subject matter jurisdiction filed on October 17, 2022; an amended motion to vacate for lack of subject matter jurisdiction filed on October 17, 2022; and a motion to reverse and dismiss for lack of subject matter jurisdiction filed on December 16, 2022.[7] In those motions, the defendant argued that the state

_____

[6] "A nolle prosequi is a declaration of the prosecuting officer that he will not prosecute the suit further at that time. . . . As our Supreme Court has explained, [t]he effect of a nolle is to terminate the particular prosecution of the defendant without an acquittal and without placing him in jeopardy." (Citations omitted; internal quotation marks omitted.) *State* v. *Richard P.*, 179 Conn. App. 676, 682, 181 A.3d 107, cert. denied, 328 Conn. 924, 181 A.3d 567 (2018).

[7] On appeal, the defendant and the state both reference a motion to dismiss for lack of subject matter jurisdiction dated September 28, 2022, as one of the postsentencing motions the court denied that is the subject of this appeal. The trial court file does not show that any such motion was filed with or decided by the court. The transcript of the March 23, 2023 hearing indicates that, at the outset of the hearing, the court referenced five motions that were the subject of that hearing: (1) a motion for guilty plea and sentencing transcripts; (2) a motion to compel the defendant's attorney to produce the defendant's file; (3) a motion to vacate for lack of subject matter jurisdiction filed October 7, 2022; (4) an amended motion to vacate for lack of subject matter jurisdiction filed October 17, 2022; and (5) a motion to reverse and dismiss for lack of subject matter jurisdiction filed December 16, 2022. Even though the March 23, 2023 transcript shows three motions to vacate or dismiss for lack of subject matter jurisdiction that were denied by the court, the defendant's motion to vacate for lack of subject matter jurisdiction filed on October 17, 2022, includes a notation by the trial court indicating that it was part of the remote hearing and that the motion was denied. Accordingly, our decision in this appeal is limited to the four relevant motions to vacate or dismiss that were addressed and denied by the court. We note, nonetheless, that, even if our decision also concerned the September 28, 2022 motion, that would in no way impact or change our decision in this appeal.

was precluded from prosecuting him again on the burglary in the first degree charge for a number of reasons, mainly, on double jeopardy grounds.[8]

On March 23, 2023, the court, *Stango, J.*, heard arguments on all four of the defendant's motions. After the court addressed two unrelated motions, it turned to the motions to dismiss and/or vacate at issue in this appeal and asked the defendant if he wanted to vacate his guilty plea, to which the defendant initially replied that he did not and, instead, wanted to have the information reversed or dismissed as defective. The court then explained that "the first step in that would be having the guilty pleas vacated. You have [pleaded] guilty and were fully canvassed. So, you're a convicted person on this case now, and you're sentenced, and you're here in front of me as a sentenced prisoner. . . . [S]o, you have decided to do some research on your own that the state was without subject matter jurisdiction to prosecute you, and, therefore, you should not have [pleaded] guilty?" The defendant replied that he "should not have [pleaded] guilty."

Thereafter, the defendant reiterated the arguments contained in his motions. After hearing those arguments, the court denied the defendant's postsentencing motions, stating: "You chose to have a trial. At that trial, you were acquitted of some counts, convicted of some counts, and [on] other [counts] the jury [was] unable to reach a verdict. At that point, any of those matters where the jury was unable to reach a verdict could be retried by the prosecutor. You can't be retried

---

[8] In his motions, the defendant made two primary arguments, namely, that (1) burglary in the first degree is a greater offense of assault in the third degree, and robbery in the third degree and assault in the third degree are greater and lesser included offenses, and (2) double jeopardy bars successive prosecutions for greater and lesser included offenses. In his motions, the defendant sought to reverse, dismiss, and/or vacate his conviction of burglary in the first degree and the sentence imposed on July 13, 2022.

on something you were convicted of. You can't be retried on something that you were acquitted of. But the ones where the jury [was] unable to [reach] a verdict, the prosecutor brought another case against you. [On] [t]hose charges, you wound up pleading guilty and [were] thoroughly canvassed . . . ." This appeal followed.[9]

On appeal, the defendant argues that (1) his conviction of assault in the third degree precluded a subsequent prosecution for burglary in the first degree and (2) his acquittal on the charge of criminal mischief in the third degree precluded a subsequent prosecution for burglary in the first degree.[10] The state counters that, because the defendant's postsentencing motions were filed after the court already had sentenced the defendant, the court did not have jurisdiction to decide the defendant's motions. We agree with the state.

We first set forth the legal principles that are relevant to our resolution of this appeal. "It is axiomatic that jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by

---

[9] The defendant has not appealed from his conviction under Docket No. 19-0159665-S of assault in the third degree. See footnote 5 of this opinion.

[10] On appeal, the defendant also argues that the state could not prosecute him again for robbery in the third degree because that charge shares a common element with assault in the third degree, for which he previously was convicted. This claim also was raised in his motion to reverse and dismiss for lack of subject matter jurisdiction filed on December 16, 2022. Although, for the reasons stated in this opinion, we do not reach the merits of the defendant's claims, we do note that this claim concerns a crime of which the defendant was never convicted. See *State* v. *Just*, 185 Conn. 339, 356, 441 A.2d 98 (1981) (defendant could not make argument that court erroneously instructed jury concerning unlawful restraint in first degree as lesser offense of kidnapping in first degree because he was not convicted of unlawful restraint in first degree); *State* v. *David O.*, 104 Conn. App. 722, 732, 937 A.2d 56 (2007) (defendant could not have been prejudiced by prosecutor's remarks regarding crimes of which defendant was not convicted), cert. denied, 285 Conn. 915, 943 A.2d 473 (2008).

which it is created. . . . Article fifth, § 1 of the Connecticut constitution proclaims that [t]he powers and jurisdiction of the courts shall be defined by law, and General Statutes § 51-164s provides that [t]he superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute. . . . The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment *before* the sentence has been executed." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Reid*, 277 Conn. 764, 774, 894 A.2d 963 (2006); see also *State* v. *McCoy*, 331 Conn. 561, 585, 206 A.3d 725 (2019) ("a trial court loses jurisdiction upon the execution of the defendant's sentence, unless it is expressly authorized to act").

Our Supreme Court consistently has held that, in criminal cases, "the imposition of sentence is the judgment of the court. . . . When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian of the penal institution. At this point jurisdiction of the court over the prisoner terminates." (Internal quotation marks omitted.) *State* v. *Reid*, supra, 277 Conn. 775; see also *State* v. *Butler*, 348 Conn. 51, 69, 300 A.3d 1145 (2023) (recognizing existing common-law rule that "a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed" (internal quotation marks omitted)); *State* v. *Evans*, 329 Conn. 770, 778, 189 A.3d 1184 (2018) ("[A] trial court has the discretionary power to modify or vacate a criminal judgment *before* the sentence has been executed. . . . This is so because the court loses

jurisdiction over the case when the defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving the sentence." (Emphasis added; internal quotation marks omitted.)), cert. denied, U.S. , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019); *State* v. *Parker*, 295 Conn. 825, 834, 992 A.2d 1103 (2010) ("[a] generally accepted rule of the common law is that a sentence cannot be modified by the trial court . . . if the sentence was valid and execution of it has commenced" (internal quotation marks omitted)); *State* v. *Das*, 291 Conn. 356, 370, 968 A.2d 367 (2009) (trial court lacked jurisdiction to consider postsentencing motion to withdraw plea); *State* v. *Lawrence*, 281 Conn. 147, 154, 913 A.2d 428 (2007) ("[w]ithout a legislative or constitutional grant of continuing jurisdiction . . . the trial court lacks jurisdiction to modify its judgment" (internal quotation marks omitted)).

Accordingly, because the defendant already had been sentenced, the trial court no longer had jurisdiction to decide his postsentencing motions, unless there exists a legislative or constitutional grant of continuing jurisdiction that applies in this case. See *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994) ("once judgment has been rendered and the defendant has begun serving the sentence imposed, the trial court lacks jurisdiction to modify its judgment *in the absence of* a legislative or constitutional grant of continuing jurisdiction" (emphasis added)). In that vein, our Supreme Court has "note[d] that there are a limited number of circumstances in which the legislature expressly has conferred on the trial courts 'continuing jurisdiction to act on their judgments after the commencement of sentence . . . . See, e.g., General Statutes §§ 53a-29 through 53a-34 (permitting the trial court to modify terms of probation after sentence is imposed); General Statutes § 52-270 (granting jurisdiction to trial court to hear a petition for a new trial after execution of original sentence has

commenced) . . . .' " *State* v. *Reid*, supra, 277 Conn. 775 n.13; see also *State* v. *Das*, supra, 291 Conn. 362 (court may correct illegal sentence or sentence imposed in illegal manner pursuant to Practice Book § 43-22).

In the present case, the defendant has not claimed that any such exception applies that would have allowed the trial court to retain jurisdiction over his postsentencing motions, and his motions cannot be construed as challenging his sentence. Furthermore, our review of the substance of the motions leads us to conclude that they do not fall within any of these categories as to which the legislature has conferred continuing jurisdiction on the trial court to act on a judgment following the imposition of sentence. We, thus, need not examine the applicability of these exceptions to the defendant's postsentencing motions.

In its appellate brief, the state argues that, despite the various titles of the defendant's motions, they all were, in substance, motions to withdraw his plea of guilty to the burglary charge. In light of the colloquy at the March 23, 2023 hearing and the arguments raised in the motions, we agree with the state and treat the motions as such. See *Torres* v. *Carrese*, 149 Conn. App. 596, 613, 90 A.3d 256 ("[c]ourts analyze pleadings for what they are, rather than for what their titles state they are"), cert. denied, 312 Conn. 912, 93 A.3d 595 (2014). Pursuant to Practice Book § 39-26, "[a] defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. . . . *A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed.*" (Emphasis added.) In *State* v. *Das*, supra, 291 Conn. 356, the defendant appealed from the trial court's dismissal of his motion to vacate the judgment of conviction against him and to withdraw his plea of nolo contendere. Id., 358. Our Supreme Court affirmed the trial court's dismissal of his motion on the

ground that, because the defendant's sentence already had begun, the trial court no longer had jurisdiction to consider a postsentencing request to withdraw a plea.[11] See id., 361–62. It therefore follows that, because the defendant in the present case already had begun serving his sentence, the trial court did not have jurisdiction to consider his postsentencing motions seeking, in effect, a withdrawal of his guilty plea. It is also significant that the previously mentioned limited circumstances in which the legislature expressly has conferred continuing jurisdiction on the trial courts are not "relevant . . . to a trial court's jurisdiction to consider a defendant's postsentencing request to withdraw his plea." Id., 363; see id., 362 ("[a]lthough there are several exceptions to th[e] rule [that a defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed] that afford the trial court jurisdiction over a defendant's challenge to his *sentence*, we find it instructive that none of these exceptions extends the trial court's jurisdiction to consider a postsentencing attack on the plea itself" (emphasis in original)).

In sum, in the present case, the defendant pleaded guilty, and the court sentenced him on July 13, 2022. The defendant did not file his first postsentencing motion until nearly three months after the sentence had been imposed, at which point he already had started serving his sentence. Therefore, on March 23, 2023, when the court heard argument on and denied the postsentencing motions, the court no longer had jurisdiction to rule on the motions. See, e.g., *State* v. *Luzietti*, supra, 230 Conn. 432 ("court loses jurisdiction over the case" once defendant has begun serving his sentence). For

---

[11] Furthermore, our Supreme Court stated that there is no "constitutional violation exception to the trial court's lack of jurisdiction over a defendant's motion to withdraw his plea after the sentence has been executed . . . ." *State* v. *Das*, supra, 291 Conn. 368.

that reason, the court should have dismissed, rather than denied, the defendant's postsentencing motions.[12]

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the defendant's postsentencing motions.

In this opinion the other judges concurred.

---

[12] In light of our determination that the trial court did not have jurisdiction over the defendant's postsentencing motions, we do not reach the merits of his double jeopardy claims on appeal, including the question of whether he waived such a claim by pleading guilty. See, e.g., *State* v. *Adams*, 186 Conn. App. 84, 88, 198 A.3d 691 (2018) ("defendant's valid guilty plea . . . constitutes a waiver of his double jeopardy claim" (internal quotation marks omitted)).