******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

STATE OF CONNECTICUT *v.* EVAN J. HOLMES
(AC 40677)

DiPentima, C. J., and Alvord and Dewey, Js.

*Syllabus*

The defendant, who had been convicted of the crimes of felony murder, home invasion, conspiracy to commit home invasion and criminal possession of a pistol or revolver, appealed to this court from the trial court's denial of his motion to correct an illegal sentence. The defendant's conviction stemmed from an incident in which he and S allegedly had forced their way into the apartment of the victim, and shot and killed the victim. The jury also had found the defendant guilty of manslaughter in the first degree with a firearm and burglary in the first degree, but the trial court vacated the defendant's conviction of those charges so as to avoid violating the double jeopardy protections of the federal and state constitutions. On appeal, the defendant claimed that the trial court erroneously found that his sentence for felony murder was based on the predicate offense of burglary, which the court had vacated. The defendant claimed that when his burglary conviction was vacated, his conviction of home invasion became the predicate offense for felony murder, which violated the federal and state constitutions because at the time he committed the offense of home invasion, it was not defined as a predicate offense for felony murder in the applicable statute (§ 53a-54c). *Held* that the trial court did not abuse its discretion when it denied the defendant's motion to correct an illegal sentence on the basis of its finding that the defendant's sentence for felony murder had been predicated on his conviction of burglary in the first degree; the jury returned a verdict of guilty on the charge of felony murder based on the predicate offense of burglary, as delineated in the long form information and the court's jury instructions, which did not mention home invasion, and even though the trial court later vacated the defendant's burglary conviction on double jeopardy grounds, that did not alter the fact that it remained the predicate offense for the felony murder charge and the defendant was not restored, as he claimed, to his pretrial status of being presumed innocent, as the court could have reinstated the defendant's burglary conviction if it later reversed the defendant's conviction of home invasion and, thus, it properly could rely on the vacated burglary conviction when sentencing the defendant for felony murder, and the fact that the jury returned a verdict of guilty on the charges of burglary in the first degree and felony murder demonstrated that the state had met its burden of proving all of the elements of burglary and that the victim's death was caused in the course of and in furtherance of that felony.

Argued February 8—officially released May 22, 2018

*Procedural History*

Substitute information charging the defendant with the crimes of murder, felony murder, home invasion, conspiracy to commit home invasion, burglary in the first degree and criminal possession of a pistol or revolver, brought to the Superior Court in the judicial district of New London, where the first five counts were tried to the jury before *Jongbloed, J.*; verdict of guilty of the lesser included offense of manslaughter in the first degree with a firearm, and of felony murder, home invasion, conspiracy to commit home invasion and burglary in the first degree; thereafter, the charge of criminal possession of a pistol or revolver was tried to the court; judgment of guilty; subsequently, the court vacated the verdict as to the lesser included offense of

manslaughter in the first degree with a firearm and burglary in the first degree, and rendered judgment of guilty of felony murder, home invasion, conspiracy to commit home invasion and criminal possession of a pistol or revolver, from which the defendant appealed; subsequently, the defendant filed a motion to correct illegal sentence while his direct appeal was pending; thereafter, the court, *Jongbloed, J.*, denied the motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*Evan J. Holmes*, *self-represented*, the appellant (defendant).

*Paul J. Narducci*, senior assistant state's attorney, with whom were *Sarah Bowman*, assistant state's attorney, and, on the brief, *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

DEWEY, J. The self-represented defendant, Evan J. Holmes, appeals from the judgment of the trial court denying his motion to correct an illegal sentence.[1] On appeal, the defendant claims, in essence, that the court erroneously denied his motion to correct by finding that his sentence for felony murder had been based on the predicate offense of burglary, which the court had vacated pursuant to *State* v. *Polanco*, 308 Conn. 242, 245, 61 A.3d 1084 (2013). We are not persuaded and, accordingly, affirm the judgment of the trial court.

In the defendant's unsuccessful direct appeal from his conviction, this court recited the following facts. See *State* v. *Holmes*, 176 Conn. App. 156, 159–61, 169 A.3d 264, cert. granted, 327 Conn. 984, 175 A.3d 561 (2017). Early in the morning of November 12, 2011, the defendant went to a club with friends, including Davion Smith. Id., 159–60. Outside the club, the defendant was involved in a fight with other party guests, including Todd Silva. Id., 160. After the fight, around 4 a.m. that same day, the defendant and Smith forced entry into the apartment where Silva and the victim, Jorge Rosa, lived. Id. The victim and his girlfriend, Gabriela Gonzales, who had previously been in a romantic relationship with the defendant, were asleep in the victim's bed. Id. "Gonzales awoke to find the defendant and Smith standing at the foot of [the] bed, each pointing a gun at the victim . . . . The defendant then fired ten shots from an automatic pistol at the victim, who died within a few minutes from numerous gunshot wounds . . . . The defendant and Smith subsequently fled the apartment." Id. Gonzales called 911. Id., 161. The police arrived, and Gonzales eventually told them "that the defendant had shot the victim" and described the defendant's car. Id. At about 9:30 a.m., a patrolman saw the defendant's car at a Days Inn. Id. When more police units arrived, the defendant attempted to flee. Id. A K-9 officer and his K-9, Zeus, assisted in apprehending the defendant in the parking lot. Id.

The defendant was charged in a substitute information with murder in violation of General Statutes § 53a-54a (a); felony murder in violation of General Statutes (Rev. to 2011) § 53a-54c; home invasion in violation of General Statutes § 53a-100aa (a) (2); conspiracy to commit home invasion in violation of General Statutes §§ 53a-48 (a) and 53a-100aa; and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1).[2] The jury found the defendant not guilty of murder, but returned a verdict of guilty on the lesser included offense of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55 (a) (1) and 53a-55a, and found the defendant guilty of felony murder, home invasion, conspiracy to commit home invasion, and burglary in the first degree. In December, 2013, at the defendant's sentencing hearing, the court

vacated the convictions of manslaughter in the first degree with a firearm and burglary in the first degree as lesser included offenses of felony murder and home invasion, respectively, so as to avoid violating the double jeopardy protections of the federal and state constitutions.[3] See *State* v. *Polanco*, 308 Conn. 245 ("when a defendant has been convicted of greater and lesser included offenses, the trial court must vacate the conviction for the lesser offense rather than merging the convictions"); see also *State* v. *Miranda*, 317 Conn. 741, 742, 120 A.3d 490 (2015) ("vacatur remedy prescribed in . . . *Polanco* . . . applies to the double jeopardy violation caused by cumulative homicide convictions arising from the killing of a single victim" [citation omitted]). The court sentenced the defendant to a total effective sentence of seventy years incarceration for his convictions of felony murder, home invasion, and conspiracy to commit home invasion.[4]

On March 1, 2017, during the pendency of the defendant's direct appeal from his conviction, the defendant filed a motion to correct pursuant to Practice Book § 43-22, arguing that his sentence for felony murder is illegal. The defendant premised his arguments on his understanding that when the court vacated his conviction of burglary in the first degree, his conviction of home invasion became the predicate offense for his sentence for felony murder. In 2011, when the defendant committed the offenses, the felony murder statute listed burglary, but not home invasion, as a predicate offense for felony murder. General Statutes (Rev. to 2011) § 53a-54c.[5] The defendant argued that, therefore, basing his sentence for felony murder on his home invasion conviction violated the ex post facto provision of the constitution of the United States and his due process rights under the state and federal constitutions. On April 27, 2017, the state filed an opposition to the defendant's motion to correct,[6] arguing that the defendant's sentence for felony murder was not illegal because that conviction and sentence rested on his vacated conviction of burglary in the first degree, not on his home invasion conviction. The court held a hearing on May 4, 2017, and, agreeing with the state's reasoning, denied the defendant's motion to correct. This appeal followed. Additional procedural history will be set forth as necessary.

On appeal, the defendant claims, in essence, that the court erroneously denied his motion to correct by finding that his sentence for felony murder had been based on the predicate offense of burglary, which the court had vacated so as to avoid double jeopardy.[7] In response, the state argues that "[t]he vacatur of the burglary verdict does not erase the fact that the jury found the defendant guilty of burglary and consequently of felony murder," and that thus, "the court's sentence on the [f]elony [m]urder count was valid and the trial court properly denied [the defendant's m]otion to [c]or-

rect an [i]llegal [s]entence." We agree with the state.

We begin by setting forth the standard of review and relevant law. "We review the [trial] court's denial of [a] defendant's motion to correct [an illegal sentence] under the abuse of discretion standard of review. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *State* v. *Logan*, 160 Conn. App. 282, 287, 125 A.3d 581 (2015), cert. denied, 321 Conn. 906, 135 A.3d 279 (2016).

Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "[A]n illegal sentence is essentially one [that] either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. By contrast . . . [s]entences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way [that] violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . . These definitions are not exhaustive, however, and the parameters of an invalid sentence will evolve . . . as additional rights and procedures affecting sentencing are subsequently recognized under state and federal law." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Jason B.*, 176 Conn. App. 236, 243–44, 170 A.3d 139 (2017). "It is well settled that [t]he purpose of . . . § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition . . . . Thus, [i]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the [proceedings] leading to the conviction, must be the subject of the attack." (Citations omitted; internal quotation marks omitted.) *State* v. *Cruz*, 155 Conn. App. 644, 651, 110 A.3d 527 (2015).

At the court's hearing on the defendant's motion to correct, the defendant argued that at the sentencing proceeding, at the moment when "[t]he burglary is vacated . . . you rely on home invasion to be the predicate felony of felony murder. The moment you erased the burglary, home invasion became the underlying felony." The court disagreed, reasoning that "the jury found the defendant guilty of burglary in the first

degree, as the predicate conviction for the felony murder charge. Simply because the court was required to vacate the conviction on the burglary first charge, pursuant to *State* v. *Polanco*, 308 Conn. 242 (2013), at the time of the sentencing, for double jeopardy purposes, that does not alter the fact that it remained the predicate for the felony murder charge. Under all of these circumstances then, the sentence was not an illegal sentence, and . . . the motion is denied." We now address whether the court abused its discretion when finding that a conviction, which the court had vacated as a lesser included offense of a greater offense pursuant to *Polanco*, can serve as the predicate offense for felony murder.

In *State* v. *Polanco*, supra, 308 Conn. 263, our Supreme Court held "that a defendant's conviction for a lesser included offense that was previously vacated as violative of double jeopardy may be reinstated if his conviction for the greater offense subsequently is reversed for reasons not related to the viability of the vacated conviction." The court has further noted that, "[g]enerally, we see no substantive obstacle to resurrecting a cumulative conviction that was once vacated on double jeopardy grounds—provided that the reasons for overturning the controlling conviction would not also undermine the vacated conviction. . . . [A] jury necessarily found that all the elements of the cumulative offense were proven beyond a reasonable doubt. Put differently, although the cumulative conviction goes away with vacatur, the jury's verdict does not." *State* v. *Miranda*, supra, 317 Conn. 753–54.

In fact, with respect to felony murder, the state need not charge the defendant with the predicate offense, so long as the state proves all of the elements of that underlying offense. See, e.g., *State* v. *Johnson*, 165 Conn. App. 255, 269, 138 A.3d 1108 (defendant found guilty of felony murder where burglary was predicate offense sustaining felony murder conviction but defendant was not charged with burglary), cert. denied, 322 Conn. 904, 138 A.3d 933 (2016);[8] see also *State* v. *Burgos*, 170 Conn. App. 501, 550–51, 562, 155 A.3d 246 (requiring vacatur of convictions of sexual assault in first degree and risk of injury to child as lesser included offenses of aggravated sexual assault of a minor, where both lesser included offenses had also served as predicate offenses for greater offense and greater offense remained viable after vacatur of predicate offenses), cert. denied, 325 Conn. 907, 156 A.3d 538 (2017). "The state must simply prove all the elements of the underlying felony and then prove that the deaths were in the course of and in the furtherance of that felony, or that the deaths were caused in flight from the commission of the felony." *State* v. *Johnson*, supra, 165 Conn. App. 269–70; see also *State* v. *Andrews*, 313 Conn. 266, 314, 96 A.3d 1199 (2014) ("[i]n order to sustain the conviction of felony murder, the record must reflect that the state

proved beyond a reasonable doubt that the victim's death was caused in the course of and in furtherance of the predicate felony").

In the present case, at the time of the offense, General Statutes (Rev. to 2011) § 53a-54c provided in relevant part that "[a] person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit . . . burglary . . . and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants." Accordingly, in count two of the long form information, the state charged the defendant with felony murder as follows: "[A]nd said [a]ttorney further accuses [the defendant] with the crime of [f]elony [m]urder and charges that . . . [the defendant], acting alone or with another person . . . committed a burglary and in the course of and in furtherance of such crime, he . . . caused the death of another person . . . in violation of Section 53a-54c of said [s]tatutes." In count five, the state charged the defendant with burglary in the first degree. Although the state also charged the defendant with home invasion, count two did not allege that the defendant committed felony murder in the course of and in furtherance of home invasion.

Similarly, the court's instructions to the jury concerning felony murder did not mention home invasion. The court first instructed the jury as to the first count, murder, then stated that "[o]rdinarily, the court would follow the charge on the first count with the charge on the second count, but for reasons which will become obvious to you, I am now going to charge you with regard to the fifth count first and then I will charge you with regard to the second count." After instructing the jury on the fifth count, the court instructed the jury on the second count, in relevant part as follows: "[T]he first element is that the defendant, acting alone or with one or more other persons, committed or attempted to commit the crime of burglary. Proof of this element will depend on your deliberations pertaining to the fifth count on which I have already instructed you. If you find the defendant guilty of burglary in the fifth count, then this element of felony murder will be proven. If you find the defendant either not guilty on the fifth count or guilty of the lesser included offense of criminal trespass, then this element has not been proven and you must find the defendant not guilty on this count."

The jury returned a verdict of guilty on the charge of felony murder based on the predicate offense of burglary, as clearly delineated in the long form information and the court's jury instructions. Although the court later vacated the defendant's burglary conviction on double jeopardy grounds, he was not restored, as he argues in his brief to this court, to his pretrial status, a presumption of innocence. See *State* v. *Polanco*, supra,

308 Conn. 260 n.11 (vacatur does not alter verdict of guilty actually rendered). Because the court could have reinstated the defendant's burglary conviction, had it later reversed the defendant's conviction of home invasion "for reasons not related to the viability of the vacated conviction"; *State* v. *Polanco*, supra, 263; *State* v. *Miranda*, supra, 317 Conn. 754; it follows that the court could rely on the vacated burglary conviction when sentencing the defendant for felony murder. To convict the defendant of felony murder in this case, the state needed only to "prove all the elements of [burglary] and then prove that the [death was] in the course of and in furtherance of that felony, or that the [death was] caused in flight from the commission of that felony." *State* v. *Johnson*, supra, 165 Conn. App. 269–70. That the jury returned a verdict of guilty on the charges of burglary in the first degree and felony murder demonstrates that the state met that burden. As our Supreme Court stated in *State* v. *Miranda*, supra, 317 Conn. 754, "although the cumulative conviction goes away with vacatur, the jury's verdict does not." Accordingly, the court did not abuse its discretion when it denied the defendant's motion to correct based on its finding that his sentence for felony murder had been predicated on the defendant's vacated conviction of burglary.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] This was the defendant's second motion to correct. In August, 2014, the defendant had filed his first motion to correct, which the court denied. The defendant appealed, but withdrew his appeal before oral argument. His first motion to correct is not at issue in this appeal.

[2] The defendant also was charged with criminal possession of a pistol or revolver in violation of General Statutes (Rev. to 2011) § 53a-217, which count was severed from the other five counts. He waived his right to a jury trial, and the court found the defendant guilty of that charge. The defendant does not challenge his sentence for that conviction in this appeal.

[3] "The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb. The double jeopardy clause [applies] to the states through the due process clause of the fourteenth amendment. . . . This constitutional guarantee prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense in a single trial." (Internal quotation marks omitted.) *State* v. *Polanco*, supra, 308 Conn. 244 n.1.

Although the Connecticut constitution does not contain an express double jeopardy provision, article first, § 8, of the Connecticut constitution "offers double jeopardy protection that mirrors, but does not exceed, that provided by the federal constitution." *State* v. *Miranda*, 317 Conn. 741, 743 n.1, 120 A.3d 490 (2015).

[4] The court sentenced the defendant to five years in prison on the charge of criminal possession of a pistol or revolver; see footnote 2 of this opinion; to be served concurrently with this sentence.

[5] The statute has since been amended to include home invasion. See Public Acts 2015, No. 15-211, § 3.

[6] On April 20, 2017, the defendant had filed a motion for a default judgment, arguing, in essence, that the state had failed to timely oppose his March, 2017 motion to correct. The court denied that motion at the defendant's hearing on his motion to correct, noting that it was "not aware of a particular time frame for these motions in terms of a response by the [s]tate."

[7] The defendant attempts to raise three additional claims in this appeal, the first two of which are nearly identical to those raised in his motion to correct. First, the defendant claims that his conviction and subsequent

sentence for felony murder violated the ex post facto provisions of the constitution of the United States; see U.S. Const., art. I, § 9, cl. 3; U.S. Const., art. I, § 10, cl. 1; because home invasion was not a predicate offense for felony murder in 2011, when he committed the offenses. Second, the defendant claims, in essence, that the court violated his due process rights under the state and federal constitutions by depriving him of notice that his conviction of home invasion could serve as the predicate offense for his felony murder sentence. Because we hold that the court properly relied on the defendant's vacated burglary conviction, and not on his home invasion conviction, as the predicate offense for felony murder, we need not address these two claims.

Additionally, the defendant seemingly claims that the court improperly denied his motion for default. See footnote 6 of this opinion. Specifically, the defendant argues that the state failed to file a timely objection to his motion to correct, in violation of Practice Book § 66-2. Practice Book § 66-2, however, applies to appellate motions practice. The Practice Book sections that govern procedure in criminal matters do not contain any time requirements with respect to objections to motions to correct. See, e.g., Practice Book § 43-22 (correction of illegal sentence). Accordingly, this claim fails.

[8] We note that courts of other jurisdictions have explicitly held that "it is not necessary . . . to charge a defendant separately with the underlying felony in order for a felony-murder instruction to obtain." See, e.g., *Stephens* v. *Borg*, 59 F.3d 932, 935 (9th Cir. 1995) (applying California law).

————————————