******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* EVAN
JARON HOLMES
(AC 43632)

Moll, Alexander and Flynn, Js.

*Syllabus*

The defendant, who had previously been convicted of, inter alia, the crimes
of manslaughter in the first degree with a firearm and felony murder,
appealed to this court from the judgment of the trial court dismissing
in part and denying in part his motion to correct an illegal sentence.
The defendant claimed that the protection of the federal constitution
against double jeopardy was violated when the state subjected and
prosecuted him for multiple, mutually exclusive homicide offenses for
a single act and also when the trial court vacated his conviction of
manslaughter instead of his conviction of felony murder. The court
determined that it did not have subject matter jurisdiction over the
defendant's first claim, reasoning that it attacked the charging document
itself rather than the sentencing proceeding. As to the defendant's second
claim, the court reasoned that the sentencing court properly vacated
his manslaughter conviction and sentenced him on his felony murder
conviction. *Held*:
1. The trial court properly dismissed for lack of subject matter jurisdiction the
defendant's claim that the charging document listed multiple homicide
offenses in violation of his constitutional right against double jeopardy;
although the claim purportedly pertained to double jeopardy, which can
be raised in a motion to correct, it actually attacked the proceedings
leading up to the conviction, namely, the charging document itself, and
not the sentence or sentencing proceeding, and our case law is clear
that motions to correct an illegal sentence that attack the conviction
or the proceedings leading up to the conviction are not within the trial
court's jurisdiction on a motion to correct an illegal sentence.
2. The trial court properly denied the defendant's claim that his sentence
for his felony murder conviction was illegal because the sentencing
court improperly vacated his conviction of manslaughter in the first
degree with a firearm and instead sentenced him on the felony murder
conviction, the sentencing court not having imposed multiple punish-
ments for the single act of causing the death of the victim: this court,
having conducted a double jeopardy analysis under a two step process,
determined, first, that it was undisputed that the charges of manslaughter
in the first degree with a firearm and felony murder arose out of the same
act or transaction, and, second, under the rule of statutory construction
pursuant to *Blockburger* v. *United States* (284 U.S. 299), that the crimes
were separate because both required proof of elements that the other
did not, but further determined, as our Supreme Court explained in
*State* v. *John* (210 Conn. 652), that the legislature intended that felony
murder and manslaughter in the first degree, which are alternative means
of committing the same offense, be treated as a single crime for double
jeopardy purposes, such that it did not intend that a defendant could
be sentenced for both; moreover, the sentencing court's decision to
vacate the less serious felony of manslaughter was proper despite the
erroneous statements of both counsel that manslaughter was a lesser
included offense of felony murder because vacatur of the less serious
homicide offense was proper under *John*, and the defendant failed to
demonstrate that the sentencing court abused its discretion in determin-
ing that the felony murder conviction controlled and in vacating the
manslaughter conviction.

Argued September 20—officially released December 14, 2021

*Procedural History*

Substitute information charging the defendant with
the crimes of murder, felony murder, home invasion,
conspiracy to commit home invasion, burglary in the

first degree and criminal possession of a pistol or revolver, brought to the Superior Court in the judicial district of New London, where the first five counts were tried to the jury before *Jongbloed, J.*; verdict of guilty of the lesser included offense of manslaughter in the first degree with a firearm, felony murder, home invasion, conspiracy to commit home invasion and burglary in the first degree; thereafter, the charge of criminal possession of a pistol or revolver was tried to the court; judgment of guilty; subsequently, the court vacated the verdict as to the lesser included offense of manslaughter in the first degree with a firearm and burglary in the first degree, and rendered judgment of guilty of felony murder, home invasion, conspiracy to commit home invasion and criminal possession of a pistol or revolver; thereafter, the court, *Strackbein, J.*, dismissed in part and denied in part the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed.*

*Evan J. Holmes*, self-represented, the appellant (defendant).

*Kathryn W. Bare*, senior assistant state's attorney, with whom, on the brief, was *Paul J. Narducci*, state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant,[1] Evan Jaron Holmes, appeals from the judgment of the trial court dismissing in part and denying in part his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly determined (1) that it lacked subject matter jurisdiction over his claim that the charging document listed multiple homicide offenses in violation of his federal constitutional right against double jeopardy and (2) that the sentencing court properly vacated the manslaughter conviction and sentenced him on the felony murder conviction. We conclude that the court properly dismissed in part and denied in part the defendant's motion to correct an illegal sentence and affirm its judgment.

The following factual scenario, which the jury reasonably could have found, is gleaned from the opinion of this court in the defendant's direct appeal affirming the judgment of conviction. See *State* v. *Holmes*, 176 Conn. App. 156, 169 A.3d 264 (2017), aff'd, 334 Conn. 202, 221 A.3d 407 (2019). At 4 a.m. on November 12, 2011, the defendant and another man forced entry into an apartment occupied by Todd Silva, with whom the defendant had a fight previously, and the victim, Jorge Rosa. Id., 159–60. The defendant fired ten shots into the victim's body, who died within a few minutes due to his wounds. Id., 160.

The jury found the defendant not guilty of murder in violation of General Statutes § 53a-54a (a), and guilty of the lesser included offense of manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55 (a) (1) and 53a-55a. The jury also found the defendant guilty of felony murder in violation of General Statutes § 53a-54c, home invasion in violation of General Statutes § 53a-100aa (a) (2), conspiracy to commit home invasion in violation of General Statutes §§ 53a-48 (a) and 53a-100aa, and burglary in the first degree in violation of General Statutes § 53a-101 (a) (1). The defendant elected to be tried by the court, *Jongbloed, J.*, on a separate charge of criminal possession of a pistol or revolver in violation of General Statutes § 53a-217 and was found guilty. At the defendant's December 3, 2013 sentencing hearing, the court vacated the defendant's convictions for manslaughter and burglary on double jeopardy grounds and sentenced him to a total effective sentence of seventy years of incarceration.[2]

On August 26, 2019, the self-represented defendant filed his third motion to correct an illegal sentence pursuant to Practice Book § 43-22,[3] which is the subject of this appeal.[4] In his memorandum of law in support of the motion, the defendant argued that the trial court violated the protection of the federal constitution against double jeopardy when it (1) "simultaneously subjected

and prosecuted the [defendant] for a slew of 'mutually exclusive' homicide offenses, that inevitably prejudiced the [defendant] in a plethora of ways" and (2) convicted and sentenced him "for the conduct of 'murder'" despite that he was acquitted of murder. The state filed an objection to the defendant's motion. After an October 9, 2019 hearing at which the defendant and the state presented arguments, the motion court, *Strackbein, J.*, dismissed in part and denied in part the defendant's motion to correct in an October 11, 2019 memorandum of decision. The court determined that it did not have subject matter jurisdiction over the defendant's first claim, in which he alleged double jeopardy violations as a result of the trial court's improperly having permitted him to be charged with multiple homicide offenses when there had only been one death resulting from a "single alleged act." In dismissing the claim, the court reasoned that it attacked the charging document itself rather than the sentencing proceeding, which is impermissible in a motion to correct an illegal sentence. With respect to the defendant's second claim, the court reasoned that the sentencing court properly vacated his manslaughter conviction and sentenced him on his felony murder conviction, and denied that claim. The court further determined that the defendant's argument that his right to be free of double jeopardy was violated when he was acquitted of murder and found guilty of felony murder, although incorrect, was not a claim over which the court had subject matter jurisdiction because it attacked the underlying conviction and not the sentence itself. This appeal followed.

I

The defendant first challenges the decision of the motion court that it lacked subject matter jurisdiction to review his first claim in his motion to correct that the charging document listed multiple homicide offenses in violation of his federal constitutional right against double jeopardy. He argues that "[r]ather than commit to a single theory as to the commission of an alleged offense—to ensure that they are given their one and only, full and fair, opportunity to convict—prosecutors can now circumvent the double jeopardy clause and subject defendants to literally all of the different statutes pertaining to an alleged offense; only to later have to 'remedy' the violation by vacating all of the 'unlawful' convictions with the foresight that should the defendant prevail on a postconviction challenge to the seated conviction, the state can simply 'resurrect' one of its violative convictions." The state counters that the court properly dismissed this claim for lack of subject matter jurisdiction. We agree with the state.

We begin with our standard of review and relevant legal principles. "[J]urisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." (Internal quotation

marks omitted.) *State* v. *Alexander*, 269 Conn. 107, 112, 847 A.2d 970 (2004). "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) Id.

"[I]t is axiomatic that [t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner . . . ." (Internal quotation marks omitted.) *State* v. *Francis*, 322 Conn. 247, 259, 140 A.3d 927 (2016); see Practice Book § 43-22. "A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates." *State* v. *Casiano*, 282 Conn. 614, 624, 922 A.2d 1065 (2007). "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007).

"[A]n illegal sentence is essentially one [that] . . . exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . In accordance with this summary, Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Internal quotation marks omitted.) *State* v. *Smith*, 338 Conn. 54, 60, 256 A.3d 615 (2021).

It is useful to state what the defendant's first claim is not about. He did not claim in his motion to correct that the fifty-eight years to which he was sentenced for felony murder exceeds the statutory maximum limit for felony murder of sixty years, that his total effective sentence was computed improperly, that the sentence was ambiguous or internally contradictory or imposed in any way in an illegal manner, or that he was deprived of his right to due process during the sentencing hearing, but rather he argued that his right against double jeopardy was violated because the state *charged* him with felony murder despite that he was also charged with both murder and manslaughter with a firearm. In his own words, the defendant argued in his motion to correct that his right to not be subject to double jeopardy was violated when the state charged him with "a

slew of 'mutually exclusive' homicide offenses . . . ." Although this claim purportedly pertains to double jeopardy, which can be raised in a motion to correct, the claim actually attacks the proceedings leading up to the conviction, namely, the charging document itself, and not the sentence or sentencing proceeding. Simply put, our law is clear that motions to correct an illegal sentence that attack the conviction or the proceedings leading up to the conviction are not within the trial court's jurisdiction on a motion to correct an illegal sentence. See, e.g., *State* v. *Lawrence*, supra, 281 Conn. 158. Because the defendant's claim does exactly that— it attacks the proceeding leading up to the underlying conviction and not the sentence or the sentencing proceeding—it does not fall within the purview of the categories of claims permitted to be raised in a motion to correct an illegal sentence pursuant to Practice Book § 43-22. See id., 150. We conclude that the court properly determined that it lacked subject matter jurisdiction over the defendant's first claim in his motion to correct. The court properly dismissed the claim because where a court lacks jurisdiction over the motion to correct, dismissal is proper. See *State* v. *Saunders* 132 Conn. App. 268, 271–72, 50 A.3d 321 (2011), cert. denied, 303 Conn. 924, 34 A.3d 394 (2012).

II

We next turn to the defendant's second claim, as clarified at the hearing on his motion to correct, that his sentence for his felony murder conviction was illegal in that the sentencing court improperly vacated the manslaughter in the first degree with a firearm conviction and sentenced him instead to fifty-eight years on the felony murder conviction. This claim rests on his argument that "felony murder is murder" and that, because he was acquitted of murder in violation of § 53a-54a (a), he could not be convicted of felony murder in violation of § 53a-54c. He clarified at the hearing on his motion to correct that "[m]y argument is not that you can't be punished for the same crime" but that the "second conviction for the same offense" was in error and gave him "more time" than if he had been sentenced on the manslaughter with a firearm charge instead. In other words, the defendant challenges on double jeopardy grounds the action of the sentencing court in vacating his conviction for manslaughter in the first degree with a firearm and sentencing him on the felony murder conviction.

We first observe that the jury reasonably could have acquitted the defendant of murder in violation of § 53a-54a because it did not find it proved that he brought about the death of the victim with the intent to kill him, but that it could have convicted the defendant of felony murder because it found he had the intent to commit the underlying felony, and, in the course of and in furtherance of such crime, caused the victim's death.

To the extent that the defendant's claim rests on the notion it somehow violated his right against double jeopardy for the jury to acquit him of murder and find him guilty of felony murder, we already have concluded that the motion court properly determined that it lacked jurisdiction over this claim.[5] This argument attacks the underlying conviction rather than the sentence or the sentencing proceeding and, accordingly, is not a claim that falls within the purview of Practice Book § 43-22. See *State* v. *Lawrence*, supra, 281 Conn. 158.

We next turn to the portion of the defendant's claim in which he contends that the sentencing court improperly vacated his conviction for manslaughter instead of vacating his conviction for felony murder. We note the following relevant procedural history. Both the prosecutor in this case and the defense counsel told the court that the charge of manslaughter with a firearm was a lesser included offense of felony murder. The sentencing court vacated the conviction of manslaughter in the first degree with a firearm and sentenced the defendant on the felony murder conviction. The state has later correctly conceded that manslaughter in the first degree with a firearm is not a lesser included offense of felony murder. In its appellate brief, the state cites *State* v. *John*, 210 Conn. 652, 695, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989), and cert. denied sub nom. *Seebeck* v. *Connecticut*, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989) (*John*), as authority for that proposition. The defendant also argues that the sentencing court erroneously vacated his conviction of manslaughter because it was a lesser included offense of felony murder. We do not conclude that this error in counsels' representation to the court affects the outcome of this appeal because we conclude that the court properly vacated the manslaughter conviction for reasons that follow.

We begin with our standard of review and relevant legal principles. "Ordinarily, a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard." (Internal quotation marks omitted.) *State* v. *Bennett*, 187 Conn. App. 847, 851, 204 A.3d 49, cert. denied, 331 Conn. 924, 206 A.3d 765 (2019). However, a double jeopardy claim presents an issue of law over which our review is plenary. *State* v. *Bozelko*, 119 Conn. App. 483, 507, 987 A.2d 1102, cert. denied, 295 Conn. 916, 990 A.2d 867 (2010), cert. denied, 571 U.S. 1215, 134 S. Ct. 1314, 188 L. Ed. 2d 331 (2014).

The double jeopardy clause of the fifth amendment to the United States constitution, which is applicable to the states through the due process clause of the fourteenth amendment, provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." The double jeopardy clause prohibits not only multiple trials for

the same offense but also multiple punishments for the same offense. *John*, supra, 210 Conn. 693. "Double jeopardy analysis in the context of a single trial is a [two step] process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) Id.

In the present case, the first step is satisfied. It is undisputed that the charges of manslaughter in the first degree with a firearm and felony murder arose out of the same act or transaction. We next determine whether these crimes are separate or the same offenses for purposes of double jeopardy. In so determining, we apply the rule of statutory construction pursuant to *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), to determine whether two statutes criminalize the same offense, thereby placing a defendant who is prosecuted under both statutes in double jeopardy. See *State* v. *Tinsley*, Conn. , , A.3d (2021). "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States*, supra, 304. "Our case law has been consistent and unequivocal that the second step of *Blockburger* is a technical one and examines only the statutes, charging instruments, and bill of particulars as opposed to the evidence presented at trial." (Internal quotation marks omitted.) *State* v. *Tinsley*, supra, .

The crimes of felony murder and manslaughter in the first degree with a firearm are separate crimes because both require proof of elements that the other does not. See *John*, supra, 210 Conn. 693–97. Felony murder requires proof beyond a reasonable doubt of all the elements of the predicate offense, which in the present case is burglary,[6] and that the victim's death was caused in the furtherance of that felony offense. See *State* v. *Castro*, 196 Conn. 421, 428–29, 493 A.2d 223 (1985); see also General Statutes § 53a-54c.[7] "Our felony murder statute, § 53a-54c, contains no mens rea requirement beyond that of an intention to commit the underlying felony upon which the felony murder charge is predicated." (Internal quotation marks omitted.) *State* v. *Amado*, 42 Conn. App. 348, 358, 680 A.2d 974 (1996).

Unlike felony murder, manslaughter in the first degree with a firearm does not require proof of a predicate offense, but requires a mens rea element to the act of causing the death of the victim. Manslaughter in the first degree with a firearm requires proof beyond a reasonable doubt that the defendant, with the specific intent to cause serious physical injury to another,

causes the death of such person or another person, and that the defendant used or threatened to use a firearm in the commission of that crime. See General Statutes §§ 53a-55a and 53a-55.[8]

This does not end our inquiry because "*Blockburger* is merely a method for ascertaining the [legislative] intent to impose separate punishment for multiple offenses which arise during the course of a single act or transaction" and, therefore, "is best viewed as a rebuttable presumption of legislative intent that is overcome when a contrary [legislative] intent is manifest." (Internal quotation marks omitted.) *State* v. *Mitchell*, 195 Conn. App. 543, 553, 227 A.3d 522, cert. denied, 335 Conn. 912, 229 A.3d 118 (2020). The issue of what the legislature intended was settled by our Supreme Court in *John*, supra, 210 Conn. 695. The legislature intended that felony murder and manslaughter in the first degree, which are alternative means of committing the same offense, be treated as a single crime for double jeopardy purposes. Id. "[T]he legislature contemplated that only one punishment would be imposed for a single homicide, even if that homicide involved the violation of two separate statutory provisions. It follows from this discussion, therefore, that the imposition of sentences for both the manslaughter and the felony murder convictions, for a single homicide, was contrary to the intention of the legislature as expressed in the statutes and as ascertainable from the history of the adoption of § 53a-54c." Id., 696–97. In sum, felony murder and manslaughter with a firearm are separate crimes, but the legislature did not intend that a defendant could be sentenced for both.

We next turn to whether the court properly vacated the manslaughter conviction. In *State* v. *Johnson*, 137 Conn. App. 733, 752–58, 49 A.3d 1046 (2012), rev'd in part on other grounds, 316 Conn. 34, 111 A.3d 447 (2015), and aff'd, 316 Conn. 45, 111 A.3d 436 (2015), this court decided, on the basis of the United States Supreme Court's decision in *Rutledge* v. *United States*, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), that merging what would otherwise be two convictions is violative of double jeopardy and, therefore, was no longer permissible as a matter of federal constitutional law. Our Supreme Court in *State* v. *Polanco*, 308 Conn. 242, 245, 61 A.3d 1084 (2013), later ruled as a matter of state law and as part of its supervisory function that merging convictions of lesser included offenses was no longer permissible and that a proper remedy was to vacate one of the lesser included convictions that would otherwise constitute double jeopardy, so that sentence was imposed on only one conviction. Therefore, according to *Polanco*, the proper remedy is vacatur.[9] Id., 248. In the present case, the sentencing court vacated the manslaughter with a firearm conviction. The defendant argues, however, that the sentencing court acted improperly in vacating the manslaughter conviction instead of the

felony murder conviction.

According to *Polanco*, "when a defendant has been convicted of greater and lesser included offenses, the trial court must vacate the conviction for the lesser offense rather than merging the convictions . . . ." Id., 245. Manslaughter in the first degree with a firearm is a less serious felony offense than felony murder. Manslaughter in the first degree with a firearm is a class B felony; General Statutes § 53a-55a (b); which is punishable by a term of imprisonment of not less than five years and not more than forty years; General Statutes § 53a-35a (5); whereas felony murder is a class A felony punishable by a term of imprisonment of not less than twenty-five years nor more than life. See *State* v. *Adams*, 308 Conn. 263, 273–74, 63 A.3d 934 (2013); see also General Statutes § 53a-35a (2). However, manslaughter is not a lesser included offense of felony murder because each contains statutory elements that the other offense does not. In *State* v. *Miranda*, 145 Conn. App. 494, 508, 75 A.3d 742 (2013), aff'd, 317 Conn. 741, 120 A.3d 490 (2015), this court held that "[d]eciding which convictions must be vacated when the cumulative convictions reflect alternative means of committing the same crime, however, is generally in the discretion of the sentencing court." In *John*, our Supreme Court, after determining that subjecting the defendant to punishment for both his manslaughter and felony murder convictions violated double jeopardy, remanded the case to the trial court to vacate the conviction of manslaughter while at the same time affirming his conviction of felony murder. *State* v. *John*, supra, 210 Conn. 695–97. After affirming the conviction for felony murder, our Supreme Court in *John* specifically in its rescript directed the trial court to vacate the manslaughter conviction. Id., 697. We, therefore, agree with the state that there is authority for the imposition of a sentence on the more serious felony murder charge while vacating the less serious felony of manslaughter. The sentencing court's decision to vacate the less serious felony of manslaughter was proper despite erroneous statements of both counsel that manslaughter is a lesser included offense of felony murder. The court properly vacated the manslaughter conviction because vacatur of the less serious homicide offense is proper. See id., 695.

In the present case, when sentencing the defendant, the court stated that "[t]o shoot a person sleeping in their bed in this way is just about as serious and as violent as it gets" and concluded that "a very lengthy sentence of incarceration is appropriate. This type of violence cannot be tolerated." The defendant has not demonstrated that the court abused its discretion in determining that the felony murder conviction controls and, accordingly, vacating the manslaughter conviction. Because the sentencing court did not impose multiple punishments for the single act of causing the death of

the victim, but, rather, properly vacated the less serious felony of manslaughter in the first degree with a firearm and sentenced the defendant on the conviction of felony murder, we conclude that the court did not err in denying the defendant's second claim in his motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant was self-represented before the motion court and in this appeal.

[2] The court sentenced the defendant to fifty-eight years of incarceration for felony murder, twelve years for home invasion to be served consecutively to the felony murder conviction, and concurrent sentences on conspiracy to commit home invasion and criminal possession of a firearm.

[3] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[4] The defendant's two prior motions to correct an illegal sentence were denied.

[5] We note, however, that the defendant's argument that, because felony murder is classified as a murder pursuant to *State* v. *Adams*, 308 Conn. 263, 273–74, 63 A.3d 934 (2013), he cannot be punished for felony murder after having been acquitted of murder wrenches out of context the holding of *Adams*. *Adams* held that because felony murder is a felony classified as murder, it is punishable as a class A felony. Id., 273.

[6] With respect to the defendant's second motion to correct, this court in *State* v. *Holmes*, 182 Conn. App. 124, 134–35, 189 A.3d 151, cert. denied, 330 Conn. 913, 193 A.3d 1210 (2018), rejected his claim that the trial court erroneously denied his motion to correct by finding that his sentence for felony murder had been based on the predicate offense of burglary, which had been vacated so as to avoid double jeopardy. This court determined that, "[b]ecause the court could have reinstated the defendant's burglary conviction, had it later reversed the defendant's conviction of home invasion . . . it follows that the court could rely on the vacated burglary conviction when sentencing the defendant for felony murder." (Citations omitted.) Id.

[7] General Statutes § 53a-54c provides: "A person is guilty of murder when, acting either alone or with one or more persons, such person commits or attempts to commit robbery, home invasion, burglary, kidnapping, sexual assault in the first degree, aggravated sexual assault in the first degree, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, such person, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (1) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (2) was not armed with a deadly weapon, or any dangerous instrument; and (3) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (4) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[8] General Statutes § 53a-55a provides in relevant part: "(a) A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. No person shall be found guilty of manslaughter in the first degree and manslaughter in the first degree with a firearm upon the same transaction but such person may be charged and prosecuted for both such offenses upon the same information. . . ."

General Statutes § 53a-55 provides in relevant part: "(a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or

of a third person; or (2) with intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he committed the proscribed act or acts under the influence of extreme emotional disturbance, as provided in subsection (a) of section 53a-54a, except that the fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subsection; or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person. . . ."

[9] The defendant also argues that his sentence for felony murder was impermissible in light of his conviction for manslaughter and contends that, according to *Ball* v. *United States*, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985), "the second conviction, even if it results in no greater sentence, is an impermissible punishment." Id., 865. In *Ball*, the Supreme Court, after conducting a *Blockburger* analysis, determined that Congress did not intend for the defendant to be punished for the conduct of both offenses of receiving and possessing a firearm where that conduct arose out of a single act, and, therefore, the proper remedy for a conviction of both counts was for the court "to exercise its discretion to vacate one of the underlying convictions." Id., 864. The Supreme Court concluded that "[t]he second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. . . . Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment." (Citations omitted; emphasis omitted.) Id., 864–65. In the present case, the sentencing court did exactly that: it vacated one of two homicide convictions when both the felony murder and manslaughter convictions arose from a single act.