******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* JEFFREY SMITH
(AC 44525)

Bright, C. J., and Alexander and Lavine, Js.

*Syllabus*

The defendant, who had been previously convicted, following a jury trial, of various crimes, including felony murder and manslaughter in the first degree, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. The trial court had merged the defendant's convictions of felony murder and manslaughter and sentenced him on the felony murder conviction. The defendant claimed that his acquittal on charges of capital felony and murder barred, on double jeopardy grounds, his prosecution during the same trial proceeding for felony murder and manslaughter and that the court had improperly sentenced him on his felony murder conviction rather than his manslaughter conviction. *Held*:

1. The defendant could not prevail on his claim that, because he had been acquitted of both capital felony and murder, his prosecution for felony murder and manslaughter was barred on double jeopardy grounds, as the motion to correct an illegal sentence failed to advance a colorable claim that invoked the jurisdiction of the trial court: rather than challenging the sentence or the sentence proceeding, the claim challenged the proceeding leading up to the defendant's underlying convictions, over which the court did not have subject matter jurisdiction; accordingly, this court concluded that the claim was properly rejected by the trial court but that the form of the judgment was improper with respect to this portion of the defendant's motion, and the case was remanded with direction to render judgment dismissing that portion of the defendant's motion.

2. The trial court did not abuse its discretion in sentencing the defendant on his felony murder conviction rather than his manslaughter conviction; pursuant to our Supreme Court's decision in *State* v. *Polanco* (308 Conn. 242), and this court's decision in *State* v. *Holmes* (209 Conn. App. 197), the trial court had authority to impose a sentence on the greater felony murder charge rather than the less serious manslaughter charge.

Argued March 10—officially released July 19, 2022

*Procedural History*

Substitute information charging the defendant with two counts of the crime of kidnapping in the first degree, and with the crimes of capital felony, murder, felony murder and robbery in the first degree, brought to the Superior Court in the judicial district of New London and tried to the jury before *Schimelman, J.*; verdict and judgment of guilty of two counts of kidnapping in the first degree, and of felony murder, robbery in the first degree and the lesser included offense of manslaughter in the first degree; thereafter, the court, *Strackbein, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Improper form of judgment*; *reversed in part*; *judgment directed.*

*Jeffrey Smith*, self-represented, the appellant (defendant).

*Melissa Patterson*, senior assistant state's attorney, with whom, on the brief, were *Paul J. Narducci*, state's attorney, and *Michael Reagan*, former state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The self-represented defendant, Jeffrey Smith, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court erred in denying his motion to correct an illegal sentence because (1) his acquittal on the charges of capital felony and murder barred, on double jeopardy grounds,[1] his prosecution during the same trial on the charges of felony murder and manslaughter and (2) the court improperly sentenced him on his felony murder conviction rather than on his manslaughter conviction.[2] We reject the second claim. As to the first claim, we conclude that the trial court lacked subject matter jurisdiction to consider it and it should be dismissed. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

The following procedural history is relevant. Following trial, the jury found the defendant not guilty of the charges of capital felony in violation of General Statutes (Rev. to 1997) § 53a-54b (5) and murder in violation of General Statutes (Rev. to 1997) § 53a-54a. The jury found him guilty of felony murder in violation of General Statutes (Rev. to 1997) § 53a-54c, manslaughter in the first degree in violation of General Statutes § 53a-55, two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A) and (B), and robbery in the first degree in violation of General Statutes § 53a-134 (a) (1). The trial court, *Schimelman, J.*, merged the defendant's convictions of felony murder and manslaughter and sentenced him to sixty years in prison on the felony murder conviction, which sentence was to run consecutively to both his concurrent twenty-five year sentences on each kidnapping count, as well as his concurrent sentence of twenty years on the robbery count, for a total effective sentence of eighty-five years of imprisonment. This court affirmed the defendant's conviction on direct appeal. *State* v. *Smith*, 107 Conn. App. 746, 946 A.2d 926, cert. denied, 288 Conn. 905, 953 A.2d 650 (2008).

In 2015, the defendant, representing himself, filed an amended motion to correct an illegal sentence (2015 motion) pursuant to Practice Book § 43-22,[3] in which he alleged multiple double jeopardy violations. See *State* v. *Smith*, 180 Conn. App. 371, 374–75, 184 A.3d 831 (2018) (detailing claims made in 2015 motion), rev'd on other grounds, 338 Conn. 54, 256 A.3d 615 (2021). In a June 27, 2016 memorandum of decision, the court, *Strackbein, J.*, denied the 2015 motion. On appeal, this court affirmed the judgment of the trial court. Id., 373. This court rejected the defendant's claims, including his claim that the sentencing court had violated the principles established by our Supreme Court in *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013), and *State* v. *Miranda*, 317 Conn. 741, 120 A.3d 490 (2015),

by merging his cumulative homicide convictions for felony murder and manslaughter rather than vacating his conviction for manslaughter, reasoning that *Polanco* and *Miranda* do not apply retroactively. *State* v. *Smith*, supra, 180 Conn. App. 379–84. Our Supreme Court reversed the judgment of the Appellate Court, holding that, because the sentencing court did not impose any sentence on the defendant for his merged manslaughter conviction, vacatur of that conviction would have no effect on the length, computation or structure of the sentence and, accordingly, the trial court lacked subject matter jurisdiction over the defendant's *Polanco/Miranda* claim. *State* v. *Smith*, 338 Conn. 54, 63–64, 256 A.3d 615 (2021).

The self-represented defendant filed the present motion to correct an illegal sentence, dated December 13, 2019, in which he claimed multiple double jeopardy violations and sought the vacatur of all his sentences and convictions.[4] Following several hearings on the motion, during which the defendant was asked to clarify his claims, the court, *Strackbein, J.*, in a December 22, 2020 memorandum of decision, denied the motion. The court incorporated into its decision the June 27, 2016 memorandum of decision denying the 2015 motion and determined that most of the defendant's arguments already had been addressed by this court in *State* v. *Smith*, supra, 107 Conn. App. 746. The court rejected the defendant's claim "where again he stated he was 're-prosecuted' when the jury found him guilty on several charges but not the capital felony and murder" and reasoned that "the trial judge did not impose multiple punishments for the same crime." The court also rejected the defendant's claim that the court should have sentenced him on the manslaughter charge instead of the felony murder charge, and reasoned that "[t]he trial of this defendant predated *Polanco*, which is not retroactive—but the merger of the manslaughter conviction under the felony murder conviction serves the same purpose of explaining that the lesser included offense is subsumed under the greater offense." This appeal followed.

I

The defendant first claims that "[t]he state must not continue to overlook and give short shrift to the fact that the [defendant] was initially acquitted twice before being illegally convicted twice for a single alleged homicide . . . ." As we interpret this claim, the defendant argues that, in denying his motion to correct, the court improperly rejected his claim that his convictions for felony murder and manslaughter, after he had been acquitted of both capital felony and murder in the same trial proceeding, constituted a second prosecution for the same offense in violation of his constitutional right against double jeopardy. The state counters that the trial court did not have subject matter jurisdiction to

entertain this claim. We agree with the state.

"The determination of whether a claim may be brought via a motion to correct an illegal sentence presents a question of law over which our review is plenary." *State* v. *Thompson*, 190 Conn. App. 660, 665, 212 A.3d 263, cert. denied, 333 Conn. 906, 214 A.3d 382 (2019). "A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates. . . . In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack. . . . [A]n illegal sentence is essentially one [that] . . . exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . In accordance with this summary, Connecticut courts have considered four categories of claims pursuant to . . . § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Citations omitted; internal quotation marks omitted.) *State* v. *Holmes*, 209 Conn. App. 197, 202–203, 267 A.3d 348 (2021), cert. denied, 342 Conn. 909, 271 A.3d 663 (2022).

The jurisdictional issue raised by the state requires us to "consider whether the defendant has raised a colorable claim within the scope of Practice Book § 43-22 that would, if the merits of the claim were reached and decided in the defendant's favor, require correction of a sentence. . . . In the absence of a colorable claim requiring correction, the trial court has no jurisdiction to modify the sentence. . . . For a claim to be colorable, the defendant need not convince the trial court that he necessarily will prevail; he must demonstrate simply that he might prevail. . . . The jurisdictional and merits inquiries are separate; whether the defendant ultimately succeeds on the merits of his claim does not affect the trial court's jurisdiction to hear it. . . . In determining whether it is plausible that the defendant's motion challenged the sentence, rather than the underlying trial or conviction, we consider the nature of the specific legal claim raised therein." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Evans*, 329 Conn. 770, 783–85, 189 A.3d 1184 (2018), cert. denied,    U.S.    , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019).

The defendant's claim attacks his convictions for felony murder and manslaughter. Because the claim challenges the proceeding leading up to the underlying conviction rather than the sentence or the sentencing proceeding, it does not fall within the purview of Practice Book § 43-22. See, e.g., *State* v. *Holmes*, supra, 209 Conn. App. 204 ("[s]imply put, our law is clear that motions to correct an illegal sentence that attack the conviction or the proceedings leading up to the conviction are not within the trial court's jurisdiction on a motion to correct an illegal sentence"). Accordingly, the trial court does not have subject matter jurisdiction over such a claim. See *State* v. *Wright*, 107 Conn. App. 152, 157, 944 A.2d 991 (claim that sentence was illegal because conviction violated double jeopardy does not fall within purview of Practice Book § 43-22), cert. denied, 289 Conn. 933, 958 A.2d 1247 (2008). Because this claim is not colorable, the trial court should have dismissed, rather than denied, the defendant's motion as to this claim. See *State* v. *Boyd*, 204 Conn. App. 446, 457, 253 A.3d 988, cert. denied, 336 Conn. 951, 251 A.3d 617 (2021).

## II

The defendant next claims that he "was initially found guilt[y] of manslaughter followed by felony murder. As a result the sentencing court had the option of sentencing the [defendant] to either conviction opting for the second conviction which—unfortunately for the [defendant]—carries a penalty three . . . times higher than that of the first conviction."[5] In other words, the defendant challenges the action of the trial court in sentencing him on the felony murder conviction rather than the manslaughter conviction. We are not persuaded.

"Ordinarily, a claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is reviewed pursuant to the abuse of discretion standard." *State* v. *Tabone*, 279 Conn. 527, 534, 902 A.2d 1058 (2006).

Our Supreme Court in *State* v. *Polanco*, supra, 308 Conn. 245, held that, "when a defendant has been convicted of greater and lesser included offenses, the trial court must vacate the conviction for the lesser offense rather than merging the convictions . . . ." On appeal, the defendant's claim does not challenge whether his conviction for manslaughter should have been vacated instead of merged with his conviction for felony murder. Under the circumstances of the present case, the trial court would lack jurisdiction to entertain such a claim. See *State* v. *Smith*, supra, 338 Conn. 64. The defendant's claim focuses on whether the sentencing court properly sentenced the defendant on the felony murder conviction instead of the manslaughter conviction. We note that there is authority for the imposition of a sentence on the greater felony murder charge instead of a sen-

tence on the less serious manslaughter charge and that the analysis in *Polanco* supports the court imposing a sentence for the felony murder conviction instead of the manslaughter conviction.[6] See *State* v. *Polanco*, supra, 308 Conn. 260–61. Furthermore, this court recently rejected the very argument advanced by the defendant in this case. See *State* v. *Holmes*, supra, 209 Conn. App. 213 (concluding that "[t]he court properly vacated the manslaughter conviction because vacatur of the less serious homicide offense is proper"). We conclude that the defendant has not established that the court abused its discretion in determining that the felony murder conviction controls and sentencing him on felony murder instead of manslaughter. See id.

The form of the judgment is improper, the judgment is reversed only with respect to the trial court's denial of that portion of the defendant's motion to correct an illegal sentence claiming that his convictions for felony murder and manslaughter violated his federal constitutional right against double jeopardy, and the case is remanded with direction to render judgment dismissing that portion of the defendant's motion to correct an illegal sentence; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The double jeopardy clause of the United States constitution guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const., amend. V. "The double jeopardy prohibition of the fifth amendment extends to state prosecutions through the fourteenth amendment to the United States constitution." *State* v. *Thomas*, 296 Conn. 375, 383 n.7, 995 A.2d 65 (2010).

[2] At oral argument before this court, the defendant raised an additional claim, which was not presented in his appellate brief, that he was charged with multiple homicide offenses for a single act in violation of his constitutional right against double jeopardy. We decline to review this claim. "[I]t is well settled that a claim cannot be raised for the first time at oral argument." (Internal quotation marks omitted.) *Burton* v. *Dept. of Environmental Protection*, 337 Conn. 781, 797 n.12, 256 A.3d 655 (2021).

[3] Practice Book § 43-22 provides in relevant part that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner . . . ."

[4] At a November 2, 2020 hearing on the present motion to correct an illegal sentence, the defendant requested a lawyer to assist him with certain procedural issues. The court continued the case for the appointment of an assigned counsel. At a December 10, 2020 hearing, the defendant's appointed counsel explained that she previously had filed a motion to withdraw as the defendant's counsel. When asked by the court whether he wanted another counsel appointed or wanted to represent himself, the defendant responded that he would represent himself.

[5] The defendant additionally argues, citing the docket number for *State* v. *Smith*, supra, 180 Conn. App. 371, "[h]ere would be where the [defendant's] prior argument regarding the kidnapping and robbery convictions and sentences would be inserted . . . ." The court stated in its 2020 memorandum of decision that "most of [the defendant's] arguments have been addressed in prior motions and a decision by the Appellate Court encapsulates many of the defendant's issues." The defendant cannot prevail in raising for a second time the precise argument that we previously have rejected in our decision in *State* v. *Smith*, supra, 180 Conn. App. 376–79, as it is barred by the doctrine of res judicata. See *State* v. *Osuch*, 124 Conn. App. 572, 581, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

[6] We note that manslaughter is not a lesser included offense of felony murder but that subjecting a defendant to punishment for both the more serious class A felony of felony murder and the less serious class B felony

of manslaughter in the first degree violates double jeopardy because the legislature intended that they be treated as the same offense. See *State* v. *Holmes*, supra, 209 Conn. App. 208–10.

———————————————